GEORGE W. ROPER *v.* ELIZABETH MAGEE et al.

Evidence was ruled out on the ground, that it contradicted the report of experts, which had been homologated. *Held:* That the evidence might be received to rebut other testimony which had been introduced.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *Cohen*, for plaintiff. *A. Hennen*, for defendants and appellants.

VOORHIES, J. This is the sequel of the case just decided.

On the suggestion of the plaintiff's counsel, that the judgment rendered on the report of the experts, from which an appeal had been taken, was only interlocutory, the court ordered the case to be fixed for trial on the 30th of May, 1854. The defendants ruled the plaintiff to show cause why the order should not be set aside, on the ground, that the cause was then pending on appeal before this court, and that the order so granted was on the *ex parte* motion of the plaintiff. This rule was discharged.

On the trial of the merits, the plaintiff introduced in evidence the documents referred to in the pleadings, and also the testimony of several witnesses, to

ROPER
*v.*
MAGEE.

which the defendants excepted. The defendants introduced likewise the same documents in evidence, and also the testimony of *H. O. Ames*, who testified that he acted as an expert in the case, though he was not sworn; that he examined the house, contract, specifications, and every thing connected with the building; and that the house was not constructed according to the contract.

The District Court rendered a judgment, based on the report of the experts, in favor of the plaintiff, from which this appeal is taken by the defendants.

On the trial, the defendants offered to prove by several witnesses, that the buildings specified in the pleadings, had not been constructed according to the contract between the parties; that the materials thereof were unsound; that said buildings had not been completed and delivered within the time stipulated and in accordance with the agreement; that the defendants had suffered damages to the amount of $600 in consequence thereof, of which they had complained to the plaintiff. This evidence was ruled out on the ground, that it contradicted the report of the experts, which had been homologated. We think the Judge *a quo* erred. As the plaintiff had introduced testimony to prove, besides his compliance with the terms of the contract, the additional value of the work resulting from the alleged changes in the original plan, we think it was therefore competent for the defendants to offer the testimony as rebutting evidence. The reference of this cause to experts, it would seem, instead of hastening, has produced the principal obstacle to its speedy termination. Perhaps much delay might have been avoided by the rescission of the order of reference, and resorting to other evidence which could have produced, with greater certainty of dispatch, the same result. See the case of *Kohn* v. *Marsh*, 3 R. 48.

For the reasons assigned in the other case, we consider the report of the experts informal and void.

It is therefore ordered and decreed, that the judgment of the District Court be avoided and reversed; that the report of the experts be declared null and void, and set aside, and that the case be remanded for further proceedings according to law; the plaintiff and appellee to pay the costs of this appeal.